**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jul 30 2013, 7:37 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MARCE GONZALEZ, JR.**
Dyer, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JOSEPH Y. HO**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

|  |  |  |
|---|---|---|
| DOMINIQUE DEVON HAYES, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 45A05-1211-CR-576 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Salvador Vasquez, Judge
Cause No. 45G01-1201-FB-4

**July 30, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Dominique Devon Hayes ("Hayes") pled guilty under a plea agreement to one count of Child Molesting, as a Class B felony.[1]  See I.C. § 35-42-4-3.  The sentencing range for a Class B felony runs from six to twenty years, with an advisory term of ten years.  I.C. § 35-50-2-5.

The trial court sentenced Hayes to seventeen years imprisonment.  As aggravating factors, the trial court found that Hayes had two prior felony convictions for Robbery and Resisting Law Enforcement; that "[p]rior leniency by criminal courts" had failed to deter subsequent criminal conduct; and that Hayes had been serving a felony sentence in Community Corrections, from which he had absconded at the time of the instant offense.  (App. at 37.)  The trial court found as mitigating factors that Hayes had admitted to his offense and expressed remorse, but concluded that each aggravating factor alone outweighed any mitigating factors.

The authority granted to this Court by Article 7, § 6 of the Indiana Constitution permitting appellate review and revision of criminal sentences is implemented through Appellate Rule 7(B), which provides: "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender."  Under this rule, and as interpreted by case law, appellate courts may revise sentences after due consideration of the trial court's decision, if the sentence is found to be inappropriate in light

---

[1] In exchange for his guilty plea, the State dropped two counts of Rape, each as a Class B felony.  See Ind. Code § 35-42-4-1.

of the nature of the offense and the character of the offender. <u>Cardwell v. State</u>, 895 N.E.2d 1219, 1222-25 (Ind. 2008); <u>Serino v. State</u>, 798 N.E.2d 852, 856-57 (Ind. 2003). The principal role of such review is to attempt to leaven the outliers. <u>Cardwell</u>, 895 N.E.2d at 1225.

Having reviewed the matter, we conclude that the sentence the trial court imposed was not inappropriate under Appellate Rule 7(B) and does not warrant appellate revision. Accordingly, we decline to disturb the sentence imposed by the trial court.

Judgment affirmed.

NAJAM, J., and BARNES, J., concur.